UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

NESTOR URRUTIA,

    Plaintiff,

vs.

MEK GRANITE KITCHEN, INC., a Florida profit corporation and LUIS E. GONZALEZ, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff NESTOR URRUTIA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants MEK GRANITE KITCHEN INC, a Florida Profit Corporation (hereinafter, "MEK GRANITE") and LUIS E. GONZALEZ, individually (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages, unpaid overtime wages, and unlawful termination by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because the acts that give rise to Plaintiff's

claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

**PARTIES**

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a laborer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant MEK GRANITE is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Defendant MEK GRANITE had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

7. Defendant MEK GRANITE is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant MEK GRANITE is in the home remodeling business and renovates kitchens, bathrooms, flooring, and ceilings.

9. At all times material to this Complaint, MEK GRANITE, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage. Plaintiff regularly and recurrently used and handled equipment and materials manufactured and purchased outside of Florida such as tile, walls, and flooring.

11. Defendant MEK GRANITE, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant LUIS E. GONZALEZ is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, MEK GRANITE.

13. Defendant LUIS E. GONZALEZ acted directly in the interest of his company, MEK GRANITE. LUIS E. GONZALEZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. All defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

17. Specifically, Plaintiff performed work for Defendants as a laborer from on or about September 14, 2020 to on or about October 22, 2020.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Based on the information currently available to Plaintiff, at the beginning of Plaintiff's employment, the parties agreed Plaintiff was going to work five (5) hours per day, at $80.00 per day.

20. However, Plaintiff was regularly working 11-12 hours a day and was scheduled to work five (5) days per week. However, no provision was made by the Defendants to properly pay at least the minimum wage for each hour worked.

21. As a result, Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

22. Further, despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Furthermore, Plaintiff was not compensated at all for many hours worked for Defendants. Specifically, Defendants failed to compensate Plaintiff at all for at least for three (3) days wherein Plaintiff performed work for the benefit of the Defendants.

27. On or about October 21, 2020, Plaintiff complained to GONZALEZ that he was not paid at all for one day worked that given week.

28. On or about October 22, 2020, Defendants terminated Plaintiff.

29. Plaintiff suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to the timely payment of wages and complained regarding the failure of the Employer to comply with the obligation to pay minimum wage.

30. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

31. The temporal proximity of Plaintiff's complaints regarding the improper pay and the adverse employment actions taken against him including but not limited to his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

32. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES against MEK GRANITE

34. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

35. This action is brought by Plaintiff to recover from Defendant MEK GRANITE unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. §

207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

37. Throughout Plaintiff's employment, MEK GRANITE has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

38. MEK GRANITE knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

39. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of a minimum hourly wage when due.

40. By reason of the said intentional, willful and unlawful acts of MEK GRANITE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

42. MEK GRANITE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. As a result of MEK GRANITE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MEK GRANITE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MEK GRANITE:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
**VIOLATION OF FLSA/OVERTIME**
**against MEK GRANITE**

45. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

46. This action is brought by Plaintiff to recover from MEK GRANITE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable

attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

47. Since the commencement of Plaintiff's employment MEK GRANITE has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

48. Specifically, throughout his employment Plaintiff regularly worked 60 hours during each workweek in which he was employed.

49. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50. MEK GRANITE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MEK GRANITE's business activities involve those to which the Fair Labor Standards Act applies.

51. The Plaintiff was a construction worker and was at all relevant times, covered by the FLSA.

52. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or

professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

53. MEK GRANITE has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

54. By reason of the said intentional, willful and unlawful acts of MEK GRANITE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

55. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

56. MEK GRANITE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

57. As a result of MEK GRANITE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

58. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MEK GRANITE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MEK GRANITE:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## FLSA RETALIATION against MEK GRANITE

59. Plaintiff re-alleges and reaffirms paragraphs 1 through 33 of this complaint as if set out in full herein.

60. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

61. MEK GRANITE's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

62. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

63. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MEK GRANITE:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
**VIOLATION OF FLSA/OVERTIME**
**against LUIS E. GONZALEZ**

64. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

65. At the times mentioned, Defendant LUIS E. GONZALEZ was, and is now, a corporate officer of corporate Defendant, MEK GRANITE.

66. LUIS E. GONZALEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that LUIS E. GONZLEZ acted directly in the interests of Defendant MEK GRANITE in relation to its employees including Plaintiff.

67. Specifically, LUIS E. GONZALEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

68. LUIS E. GONZALEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

69. Defendant LUIS E. GONZALEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LUIS E. GONZALEZ:

- A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
- B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and
- C. Award Plaintiff an equal amount in double damages/liquidated damages; and
- D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
- E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF FLSA/UNPAID WAGES
### Against LUIS E. GONZALEZ

70. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

71. At the times mentioned, Defendant LUIS E. GONZALEZ was, and is now, a corporate officer of corporate Defendant, MEK GRANITE.

72. LUIS E. GONZALEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that LUIS E. GONZALEZ acted directly in the interests of Defendant MEK GRANITE in relation to its employees including Plaintiff.

73. Specifically, LUIS E. GONZALEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

74. LUIS E. GONZALEZ had operational control of the business and is thus jointly liable for

Plaintiff's damages.

75. Defendant LUIS E. GONZALEZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LUIS E. GONZALEZ:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**FLSA RETALIATION**
**against LUIS E. GONZALEZ**

76. Plaintiff re-alleges and reaffirms paragraphs 1 through 33 of this complaint as if set out in full herein.

77. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry

committee."

78. LUIS E. GONZALEZ's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

79. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's termination as described above was Plaintiff's complaints for proper payment of his earned wages.

80. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LUIS E. GONZALEZ:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, NESTOR URRUTIA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 20, 2021

                                          **PEREGONZA THE ATTORNEYS, PLLC**
                                          1414 NW 107th Ave,
                                          Suite 302
                                          Doral, FL 33172
                                          Tel. (786) 650-0202
                                          Fax. (786) 650-0200

                                          By: /s/Nathaly Saavedra
                                          Nathaly Saavedra, Esq.
                                          Fla. Bar No. 118315
                                          Email: nathaly@peregonza.com

                                          By: /s/Juan J. Perez
                                          Juan J. Perez, Esq.
                                          Fla. Bar No. 115784
                                          Email: juan@peregonza.com