UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-20223 (Scola/Goodman)

NESTOR URRUTIA,

Plaintiff,

vs.

MEK GRANITE KITCHEN, INC., a Florida profit
corporation and LUIS E. GONZALEZ, individually,

    Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIMS AND STIPULATION FOR DISMISSAL WITH PREJUDICE

Plaintiff, NESTOR URRUTIA ("Plaintiff"), and Defendants, MEK GRANITE KITCHEN, INC., and LUIS E. GONZALEZ (collectively "Defendants"), (Plaintiff and Defendants are collectively, "the "Parties") by and through their undersigned counsel and pursuant the Federal Rules of Civil Procedure, hereby move the Court for approval of the resolution of Plaintiff's Fair Labor Standards Act claims arising under 29 U.S.C. §§ 201 *et seq.*, and stipulate to the dismissal of all claims raised in the instant Action, *with prejudice* (the "Joint Motion").

1. On January 20, 2021, Plaintiff filed his Complaint against Defendants in this action asserting alleged unpaid overtime wage claims arising under the Fair Labor Standards Act (FLSA), retaliation, committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Florida Minimum Wage Act, Art. 10, § 24 of the Florida Constitution, §448.01 *et seq*, Fla. Stat (hereinafter "FMWA")(the "Action").

2. Defendants deny any wrongdoing under the FLSA and maintain that Plaintiff was properly compensated. However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. Specifically, the Parties entered into Settlement Agreement and General Release (the "Settlement Agreement"), whereby all the pending claims in this cause have been fairly and fully resolved. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

3. The Settlement Agreement between Plaintiff and Defendants evidence that they reached a fair and reasonable resolution of a bona fide dispute. As indicated above, Plaintiff's suit included a claim that Plaintiff was owed wages under the Fair Labor Standards Act ("FLSA"). In their defense, Defendants argued that they did not violate the FLSA (or any other wage and hour law, whether statutory, common law or otherwise), that it had a good faith and/or reasonable basis for any violation(s) if found and that and that they properly paid Plaintiff all wages owed.

4. Pursuant to Eleventh Circuit precedent, judicial review and approval of a compromise of a Plaintiff's FLSA claims provides final and binding effect. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). The proposed settlement arises out of an action, which was adversarial in nature, brought by the Plaintiff against his former employers. During the litigation and ensuing settlement of this action Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims and the foregoing represents a reasonable compromise of Plaintiff's FLSA claim in light potential of Plaintiff obtaining no recovery on his FLSA claim. Likewise, Defendants is limiting the expenses associated with further litigation of Plaintiff's FLSA claim if the defense of Plaintiff's FLSA claim was to have continued in this Action.

5. The Settlement Agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. The Parties submit their Settlement Agreement for review by the Court in this case.

6. Plaintiff's attorneys' fees and costs were compromised, agreed upon separately and without regard to the amount paid to Plaintiff and, therefore, the lodestar approach is inapplicable.[1] Settlement and compromise of fees in this manner furthers the public policy of encouraging early settlement. The settlement takes into account the uncertainty of trial and other factors weighing for and against Plaintiff; the amount payable to Plaintiff is fair and equitable taking into account all factors.

7. The Parties jointly stipulate to the dismissal of all claims in this Action *with prejudice* such that upon the Court's approval of the resolution of Plaintiff's FLSA claim, a Final Order of Dismissal *with Prejudice* be entered. The parties further request that the court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

## MEMORANDUM OF LAW

8. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be

---

[1] The lodestar approach to calculating attorneys' fees is inapplicable when fees and costs are agreed upon separately and without regard to the amount paid by Plaintiff. *Colon v. Kissimmee B-Logistic Service, Inc.*, 2016 WL 3147583, at *1 (M.D. Fla. May 16, 2016); *Carlan v. Patriot Residential Partners, LLC*, 2011 WL 2357623 (M.D. Fla. May 17, 2011)(when attorney's fees are negotiated separately from the payment to plaintiff, an in depth analysis of the reasonableness of the fees is not necessary unless the unreasonableness is apparent from the face of the documents)(internal quotations omitted) *citing King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007). Settlement and compromise of fees in this manner furthers the public policy of encouraging early settlement.

approved by the District Court. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

9. For these reasons set forth above, in addition to the fact that the Parties were represented by competent counsel having experience in FLSA claims, the Agreement is reasonable, and respectfully, this Court should approve the settlement.

WHEREFORE, the Parties respectfully request that the Court enter the Order (1) approving the terms of the settlements of Plaintiff's claims and this Action; (2) dismissing this Action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting the parties such further relief as the Court deems just.

Dated: May 28, 2021        Respectfully submitted,

| /s/Nathaly Saavedra | /s/Alex B.C. Ershock |
|---|---|
| Nathaly Saavedra, Esq. | DANIEL R. LEVINE, ESQ. |
| Fla. Bar No. 118315 | Florida Bar No. 0057861 |
| Email: nathaly@peregonza.com | E-Mail: DRL@PBL-Law.com |
| **PEREGONZA THE ATTORNEYS, PLLC** | ALEX B.C. ERSHOCK, ESQ. |
| 1414 NW 107th Ave, | Florida Bar No. 100220 |
| Suite 302 | E-Mail: ABE@PBL-Law.com |
| Doral, FL 33172 | PADULA BENNARDO LEVINE, LLP |
| Tel. (786) 650-0202 | 3837 NW Boca Raton Blvd., Suite 200 |
| Fax. (786) 650-0200 | Boca Raton, FL 33431 |
|  | Telephone: (561) 544-8900 |
| Attorney for Plaintiff | Counsel for Defendants |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Nathaly Saavedra, Esq
NATHALY SAAVEDRA, ESQ.

## SERVICE LIST

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

*Counsel for Plaintiff*


DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail:  DRL@PBL-Law.com
ALEX B.C. ERSHOCK, ESQ.
Florida Bar No. 100220
E-Mail:  ABE@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:    (561) 544-8900
Counsel for Defendants

Method of Service: CM/ECF Notice