## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

MEK GRANITE KITCHEN, including all of their insurers, parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the insurers, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, through, under, or in concert with any of them, and LUIS E. GONZALEZ, including his heirs, representatives, attorneys, successors, and assigns (collectively referred to as "Defendants"), and NESTOR URRUTIA, including his heirs, representatives, attorneys, successors, and assigns, (the "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

**WHEREAS**:

A. On or about January 20, 2021, Plaintiff's complaint against Defendants was filed in the United States District Court, Southern District of Florida, Case No. 1:21-cv-20223-RNS ("the Civil Action").

B. In the Civil Action, Plaintiff sought monetary damages and other relief in connection with Defendants' alleged violations of the Fair Labor Standards Act ("FLSA").

C. Defendants denied all allegations and set forth several affirmative defenses to the allegations claimed in the Civil Action.

D. In order to avoid the further costs and burdens of litigation, Plaintiff and Defendants now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

**NOW, THEREFORE**, Plaintiff and Defendants agree as follows:

**1. Recitals.** The foregoing recitals constitute part of this Agreement.

**2. Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement.

Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff is any claim Plaintiff ever had, now have, or hereafter can, will, or may

*Nestor Urrutia*

have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date Plaintiff executes this Agreement:

    (i)    any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the Fair Labor Standards Act of 1938 or 26 U.S.C. § 7434;

    (ii)    any and all claims of wrongful termination or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all other claims of employment discrimination on any basis, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended, under Sections 1981 through 1988 of Title 42 of the United States Code, under the Florida Equal Pay Law, as amended, Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07, Florida's Whistleblower's Protection Act, § 448.101 et seq., Fla. Stat.; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the employee (whistleblower) civil protection provisions of the Corporate and Criminal Fraud Accountability Act of 2002 (Sarbanes-Oxley Act); the Employee Polygraph Protection Act of 1988; Florida OSHA, Fla. Stat. Ann. § 442.018(2); Florida Civil Rights Act of 1992, Fla. Stat. Chapter 760, as amended; the Florida Wage Discrimination Law, as amended; the Fair Credit Reporting Act of 1970; the Genetic Information Nondiscrimination Act of 2008; the Lilly Ledbetter Fair Pay Act of 2009; the National Labor Relations Act of 1935; the Older Workers Benefit Protection Act of 1990; the Pregnancy Discrimination Act of 1978; the Rehabilitation Act of 1973; the Uniformed Services Employment and Reemployment Rights Act of 1994; the Families First Coronavirus Response Act, Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205; Florida's Statutory Provisions Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07; the Florida Equal Pay Act – Fla. Stat. § 725.07; the Florida Omnibus AIDS Act – Fla. Stat. § 760.50; Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076; Florida's Domestic Violence Leave Laws – Fla. Stat. § 741.313; Florida's Preservation and Protection of the Right to Keep and Bear Arms in Vehicles Act – Fla. Stat. § 790.251; Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08; Florida's General Labor Regulations – Fla. Stat. ch. 448; Florida's Medical Marijuana Law; any other Florida statute, law, rule, or regulation relating to labor and employment, including but not limited to, any claim for unpaid wages and/or penalties; any amendments to any of the foregoing; any other federal, state, and/or local civil rights law and/or whistleblower law; any other federal, state, and/or local law, ordinance, rule, constitution, and/or regulation; any other federal, state, and/or local law related to medical and/or recreational marijuana; any claim based on violation of public policy; any claim based on contract (oral, written, express, or implied); any claim for promissory estoppel; any claim based on tort; any other federal, state, and/or local common law claim; any claim for vacation, sick, or personal leave pay; short-term or long term disability benefits; or payment pursuant to any Defendants policy, handbook, or manual of Defendants; and any basis for recovering costs, fees, or other expenses, including attorneys' fees;

*Nestor Urrutia* [signature]

(iii)   any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort;

(iv)   any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs; and

(v)   any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof, including any and all claims which were, or could have been, asserted in the Civil Action.

Plaintiff agrees, acknowledges, and confirms that he has not worked any additional hours for which he is eligible to receive any additional compensation not otherwise paid to him previously or pursuant to this Agreement.

Plaintiff alleges he suffered an injury while performing services for Defendants and, during the drafting of this document, indicated he did not have a response as to whether he intends to pursue a worker's compensation claim for any alleged injury and nothing in this Agreement waives any rights to benefits under workers' compensation Urrutia may have in connection with his alleged injury.

Plaintiff agrees, acknowledges, and confirms that he knows of no other conduct, or misconduct, on the part of Defendants or any of its employees, which could or should have been reported to appropriate governmental agencies or otherwise.

This release does not include any and all claims which arise or may arise subsequent to the execution of this Agreement.

**PLAINTIFF URRUTIA UNDERSTANDS AND AGREES THAT, OTHER THAN CLAIMS WHICH CANNOT BE WAIVED BY LAW, HE IS WAIVING AND RELEASING ANY AND ALL CLAIMS AGAINST THE RELEASED PARTIES TO THE DATE OF THIS AGREEMENT IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS NOT OTHERWISE ENTITLED**

3.   **Settlement Amount and Attorney's Fees.**  Defendants shall cause to be paid to Plaintiff the total gross amount of Ten Thousand Dollars and No Cents ($10,000.00) (the "Settlement Amount"), representing damages, costs and attorneys' fees, to Plaintiff.

The payments shall be delivered in the manner described below, conditioned upon the Magistrate Judge and/or District Court having entered an order approving the FLSA Agreement and dismissing with prejudice the Civil Action.

No later than fifteen (15) days after the Court's having approved the FLSA Agreement, Defendants will deliver to PereGonza The Attorneys PLLC two (2) checks payable as follows: One (1) check to PereGonza The Attorneys PLLC in the amount of $1,000.00; and one (1) check payable to Nestor Urrutia in the amount of $4,000.00.

*Nestor Urrutia* (signature)

No later than forty-five (45) days after the Court's having approved the FLSA Agreement, Defendants will deliver to PereGonza The Attorneys PLLC two (2) checks payable as follows: One (1) check to PereGonza The Attorneys PLLC in the amount of $3,537.00; and one (1) check payable to Nestor Urrutia in the amount of $1,463.00

Out of the settlement proceeds, Plaintiff is receiving $5,463.00 and Plaintiff's counsel shall receive $4,537.00 as fees and costs.

The payments set forth above will be reported by the Company for tax purposes on forms 1099 to be issued. Plaintiff agrees and understands that no taxes shall be withheld from those payments designated as alleged non-wage damages. Plaintiff agrees and acknowledges that he will be solely responsible for the payment of any and all taxes with respect to the payments designated as alleged non-wage damages and represents and warrants that such taxes will be timely and fully paid. Neither the Company nor Plaintiff makes any representations as to the taxability of the amounts paid by the Company to the Plaintiff.

As an additional material term of settlement, Defendants shall also pay the incurred fee for mediation under the terms and conditions set forth in the bill for the same in the amount of $1,575.00.

4. **Dismissal of Underlying Suit.** Upon execution of this Agreement, the parties shall execute and file in the Civil Action a motion to approve settlement and dismissal with prejudice conditioned on the Court retaining jurisdiction to enforce the terms of this Agreement. All parties shall bear their own expenses, costs, and attorneys' fees, unless as otherwise expressly set forth herein.

5. **Enforcement and Default.** This Agreement is to be interpreted, construed, and enforced under the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall solely and exclusively be brought in a state court of competent jurisdiction and venue shall solely and exclusively be in the Southern District of Florida. The parties agree to seek the Court's reservation of jurisdiction to enforce the terms of this settlement. In the event of enforcement for non-payment, the prevailing party shall be entitled to attorney's fees and costs including attorney's fees and costs incurred during post-judgment collections.

6. **No Rehire.** Plaintiff agrees and acknowledges he shall not in the future provide any services to, or be employed by, Defendants. Plaintiff further agrees and acknowledges that he will not knowingly accept, apply for, or otherwise seek employment with, or otherwise seek to perform services for, Defendants or any of its subsidiaries, divisions, related companies, or controlling shareholders (direct or indirect) at any time. If Plaintiff is inadvertently employed by any of the foregoing (including as an independent contractor), he will promptly notify the employing person or entity of his obligation to resign from such employment, and the employing entity shall have the right to require his resignation forthwith.

7. **Non-Admission.** The parties agree the settlement proceeds are being paid as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, the Defendants continue to deny any and all liability to Plaintiff and nothing in this Agreement shall be construed as an admission of any wrongdoing by

*Nestor Urrutia* [signature]

the Defendants. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

**8.** **Confidentiality**. The parties acknowledge and agree maintaining confidentiality with respect to this Agreement is of paramount importance. Accordingly, and subject to Court approval, the parties agree, except as pursuant to subpoena or other legal compulsion, they will keep the terms and fact of this Agreement strictly confidential and will not disclose any information concerning this Agreement to anyone. This prohibition does not apply to the filing or related communication with any federal, state or local tax or revenue authority, or to communications with counsel or professional tax advisor. If the Court does not approve of this clause, the parties agree the remainder of the Agreement is enforceable.

**9.** **Mutual Non-Disparagement and Neutral Reference.** (a) Plaintiff acknowledges maintaining Defendants' reputation is of *paramount importance* to Defendants. Accordingly, Plaintiff represents and warrants that he will not disparage or encourage or induce others to disparage Defendants, including any of the Defendant releasees, by any time of communication, whether verbally, in writing, through gestures or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of the Company or any of the Defendants' releasees, such as, without limitation, any negative or derogatory comments.

(b) In a like manner, Defendants acknowledge maintaining Plaintiff's reputation is of *paramount importance* to Plaintiff. Accordingly, Defendants represent and warrant that they will not disparage or encourage or induce others to disparage Plaintiff by any time of communication, whether verbally, in writing, through gestures or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of Plaintiff, such as, without limitation, any negative or derogatory comments.

(c) To the extent any prospective employer contacts the Company seeking an employment reference regarding Plaintiff, the Company agrees to provide a neutral reference, consisting of the following statement on company letterhead, signed by an authorized representative of Defendants, or both:

"This letter serves to inform you that Nestor Urrutia provided services for MEK Granite Kitchens from September-October 2020.

Sincerely,

"

*Nestor Urrutia*

Any prospective request for a neutral reference should be directed to Luis E. Gonzalez at the Company's address, 2495 W 80th St. #6, Hialeah, FL 33016, or should contact the Company at its phone number, 561-255-7138.

(d) The parties agree, represent, and warrant that each shall not, at any point, (a) directly communicate with any of the others' parties, or any agents, officers, directors, or administrative or managerial employees of the Company, or (b) visit or set foot on the Company's place of business.

**10. Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**11. Severability.** Except for Section 3, if any provision of this Agreement is declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement. Section 3 of this Agreement is material and shall not be severable nor modifiable. If the Court declines to approve Section 3 of this Agreement for any reason, the settlement is null and void and the parties will proceed with litigation of the case unless they are able to negotiate a new settlement. The parties agree that they are not bound by any terms in this Agreement (including monetary terms) if a new settlement must be negotiated.

**12. Notice.** Any notice, correspondence, payment, or other communication contemplated by or connected with this Agreement shall be directed as follows:

(i) If to the Defendants:

Daniel R. Levine, Esq.
Padula Bennardo Levine LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, Florida 33431
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
E-Mail: drl@pbl-law.com

(ii) If to the Plaintiff:

Nathaly Saavedra, Esq.
PereGonza The Attorneys, PLLC
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
E-Mail: nathaly@peregonza.com

Nestor Virita

13. PLAINTIFF EXPRESSLY REPRESENTS AND WARRANTS HE (a) HAS CAREFULLY READ THIS AGREEMENT OR HAS HAD IT READ TO HIM; (b) FULLY UNDERSTANDS THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAS HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAS HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH HIS ATTORNEYS, PEREGONZA THE ATTORNEYS PLLC, AND HAS DONE SO; AND (e) HAS EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF HIS ATTORNEYS.

(signatures appear on the following page)

Nestor Urutia

NESTOR URRUTIA

By: *Nestor Urrutia* / NESTOR URRUTIA

Date: 05/24/2021 _____

MEK GRANITE KITCHEN.

By: _____

Printed Name: _____

Title: _____

Date: _____

LUIS E. GONZALEZ

By: _____
       LUIS E. GONZALEZ

Date: _____

*nestor urrutia*


SignNow
secure e-signature

## Document History

SignNow E-Signature Audit Log

All dates expressed in MM/DD/YYYY (US)

| | |
|---|---|
| **Document name:** | Settlement Agreement and Mutual General Release FINAL |
| **Document created:** | 05/24/2021 14:53:10 |
| **Document pages:** | 8 |
| **Document ID:** | 80f3507c99564b5297608c7a1fbf2f24acd9f652 |
| **Document Sent:** | 05/24/2021 14:56:10 UTC |
| **Document Status:** | Signed |
| | 05/24/2021 15:10:36UTC |

| | |
|---|---|
| **Sender:** | office@peregonza.com |
| **Signers:** | nestorurrutia2000@gmail.com |
| **CC:** | nathaly@peregonza.com |

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| SignNow Web Application | Uploaded the Document | office@peregonza.com | 05/24/2021 14:53:10 pm UTC | 05/24/2021 14:53:09 pm UTC | 98.203.86.195 |
| SignNow Web Application | Viewed the Document | office@peregonza.com | 05/24/2021 14:53:26 pm UTC | 05/24/2021 14:53:25 pm UTC | 98.203.86.195 |
| SignNow Web Application | Document Saved | office@peregonza.com | 05/24/2021 14:55:43 pm UTC | 05/24/2021 14:55:42 pm UTC | 98.203.86.195 |
| SignNow Web Application | Viewed the Document | nestorurrutia2000@gmail.com | 05/24/2021 15:08:58 pm UTC | 05/24/2021 15:08:56 pm UTC | 172.58.11.45 |
| SignNow Web Application | Added a Text | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Document Saved | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID: ba963a873b094cb094fb | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID: 052bfbcb3824a65934B | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID: ddf4335abcb4d75a1dc | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID 76197c5d39c94b0d92cf | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID: 2eb654694d7247ca8ba4 | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID bc043597954a4b209cfb | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID: 5457fbd8d0714a84b89a | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID: 5c9d3749cb9a44b3a59c | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Signed the Document, Signature ID a1f94fbbc28f4dc387df | nestorurrutia2000@gmail.com | 05/24/2021 15:10:36 pm UTC | 05/24/2021 15:10:33 pm UTC | 172.58.11.45 |
| SignNow Web Application | Viewed the Document | nestorurrutia2000@gmail.com | 05/24/2021 15:12:59 pm UTC | 05/24/2021 15:12:58 pm UTC | 172.58.11.45 |
| SignNow Web Application | Viewed the Document | office@peregonza.com | 05/24/2021 17:01:09 pm UTC | 05/24/2021 17:01:03 pm UTC | 98.203.86.195 |

NESTOR URRUTIA

By: _[signature]_
NESTOR URRUTIA

Date: 05/24/2021

MEK GRANITE KITCHEN.

By: _[signature]_

Printed Name: Luis E Gonzalez

Title: President

Date: 05/28/2021

LUIS E. GONZALEZ

By: _[signature]_
LUIS E. GONZALEZ

Date: 05/28/2021